Minute Order Form (06/97)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 1160 | **DATE** | 2/21/2003 |
| **CASE TITLE** | Marie Cunningham et al. Vs. Chicago Bd of Election etc. et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. We deny the petition for preliminary relief. Status hearing set for March 12, 2003 at 9:15am.

(11) ■ [For further detail see order attached to the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | number of notices |
| | Notices mailed by judge's staff. | |
| | Notified counsel by telephone. | FEB 2 4 2003 date docketed |
| ✓ | Docketing to mail notices. | |
| | Mail AO 450 form. | docketing deputy initials |
| | Copy to judge/magistrate judge. | |
| WAH | courtroom deputy's initials | FEB 2 4 2003 date mailed notice |
| | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MARIE CUNNINGHAM, et al., )
)
        Plaintiffs, )
)
vs. ) No. 03 C 1160
)
CHICAGO BOARD OF ELECTION )
COMMISSIONERS, et al., )
)
        Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiffs include several people (voter plaintiffs) who allege that they are duly registered voters in Chicago, that six of them signed nominating petitions for William "Dock" Walls, III, for the position of City Clerk, and two of them signed nominating petitions for Erza L. McCann for the position of Alderman, 4th Ward, and that objections to their signatures were improperly sustained by the defendants. They first asked for a preliminary injunction of the municipal election scheduled for next Tuesday and now suggest, alternatively, that the election for City Clerk and for 4th Ward Alderman be enjoined. We deny the petition for preliminary relief.

Walls needed 25,000 valid signatures and, according to the complaint, he filed petitions with more than 38,000 signatures. According to the complaint, McCann needed 240 valid signatures and he filed petitions with 422 signatures. Objections were filed to both sets of petitions, the objections were duly heard by a hearing examiner and, ultimately, the Chicago Board of Election Commissioners concluded that neither Walls nor McCann had filed the requisite number of valid signatures. The nub of the complaint is that the voter plaintiffs are registered voters whose names appear in an inactive file and whose signatures were therefore,

and improperly, excluded. A transcript of a hearing on the Walls petitions on January 30, 2003, suggests that his petitions were approximately 9500 signatures below the minimum and that Walls believed that approximately 4000 had been improperly stricken because the voters were in the inactive file. Defendants believed that number to be far fewer, some several hundred. That transcript also indicates that the Board took the position that if a record examination disclosed that a voter was not registered at the address set forth on the nominating petition and was in the inactive file, the objection was sustained, or perhaps objections to names in the inactive file were sustained because that indicated that the voter no longer lived at the registered address. The transcript further indicates that much of the discussion was about when and how to proceed in light of Rules 6, 7 and 8, but we are not advised as to what those rules might be.

Another filing indicates that the Board of Election Commissioners in 1999 determined that a voter in the inactive file remained a registered voter until the registration was cancelled. On appeal, the Appellate Court, by an Order, agreed.

The Board of Election Commissioners' ruling respecting McCann was on February 10, 2003. It determined that his petitions had 172 valid signatures, 68 short of the necessary 240. The primary basis for its decision was that the candidate had not presented any basis for overruling objections which would lead to 240 valid signatures. The ruling respecting Walls was on February 12, 2003. It determined that even if all objections placed in issue by the candidate were overruled, he still would have only 23,664 valid signatures, short of the necessary 25,000. It expressly addressed the issue of the inactive file:

> The Electoral Board further finds that, as a matter of law, a person whose registration is deemed "Inactive" may sign a nominating petition and such signature will not be overruled on the grounds that the person is not registered so long as such person has not moved, has not died, has not been incarcerated by reason of conviction of a crime or otherwise lacks the requisite qualifications

to be a registered voter in the political subdivision or district in which the candidate is seeking nomination or election. Here, however, the Candidate did not identify any such signatures in his Rule 8 motion or submissions and did not present any evidence to the Hearing Examiner on this issue.

The defendants move to dismiss, characterizing the case as an effort by Walls and McCann to get on the ballot, a matter which is now, or at least was, pending before the state courts. Plaintiffs dispute that characterization. They claim that their personal constitutional rights have been violated by a denial of their participation in the nomination process as petition-signers. We do not now rule on the motion to dismiss. Perhaps the voter plaintiffs have a right to prospective relief or some other relief. But they are not entitled to the preliminary relief sought.

By characterizing the claim as plaintiffs do, they seek to enjoin an election because their signatures were not counted, even though their preferred candidates are otherwise precluded from appearing on the ballot. Without regard to their likelihood of obtaining any relief, the plaintiffs fail in those circumstances to demonstrate that they will be irreparably harmed if an injunction does not issue; the threatened injury to the defendants, responsible as they are for the conduct of the municipal election, far outweighs any threatened injury to the plaintiffs; and the granting of a preliminary injunction would greatly disserve the public interest.

JAMES B. MORAN
Senior Judge, U. S. District Court

Feb. 21, 2003.